Robert C. Lukes
Peter J. Arant
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
rclukes@garlington.com
pjarant@garlington.com

Attorneys for Plaintiff, Victory Energy, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| VICTORY ENERGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MONSTER ENERGY COMPANY,<br><br>Defendant. | Case No. _____<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND |

The Plaintiff, Victory Energy, LLC ("VE"), hereby files its Complaint for Declaratory Judgment and Jury Demand, stating and alleging as follows:

1.  VE brings this action seeking a declaration from this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that the use of its "V VICTORY ENERGIZE" trademark and related trade dress for energy drinks does not infringe upon the rights of Defendant, Monster Energy Company ("MEC"), in

the MONSTER ENERGY trade dress, designation or in any other MONSTER designation in which MEC claims, or may claim, rights.

## JURISDICTION AND VENUE

2. VE is a Montana limited liability company, with its principal place of business located in Missoula, Montana. VE is, and at all relevant times hereto has been, in the business of developing, marketing, and selling certain products bearing the V VICTORY ENERGIZE trademark, used in conjunction with the sale of non-alcoholic beverages, namely, energy drinks.

3. MEC is a Delaware corporation, with its principal place of business at 1 Monster Way, Corona, California 92879. MEC does business nationwide, including in this judicial district in Montana. MEC produces, markets, and sells energy beverages under the designation MONSTER ENERGY, which are sold throughout Montana, including within Missoula County.

4. The United States District Court has subject matter jurisdiction of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a)-(b), and 1367(a).

5. This Court has personal jurisdiction over MEC, and venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c), because the events giving rise to the claims have a substantial effect in this district, VE has a presence in this district and MEC conducts regular and systematic business in this district and/or has purposefully availed itself of conducting business in this district.

## FACTS RELEVANT TO ALL CLAIMS

6.  VE is the owner of the V VICTORY ENERGIZE trademark ("VE Trademark"). Since at least as early as January 1, 2012, VE has marketed and sold energy drinks under its VE Trademark.

7.  VE is the owner of a federal trademark registration issued by the United States Patent and Trademark Office ("USPTO") for a design designation featuring the letter V and words VICTORY ENERGIZE, at USPTO Reg. No. 4309937, with the designation depicted below:



("VE's Registered Mark"). A true and accurate copy of the USPTO registration for VE's Registered Mark is attached hereto at Exhibit "A."

8.  To date, VE packages its energy drinks solely in cans, in a variety of flavors, with corresponding packaging for different flavors, as depicted below ("VE Trade Dress").





9. VE currently sells its energy drinks under the VE Trademark in every state in the United States of America, with the exception of Maine, New Hampshire, Vermont, Connecticut, Rhode Island, New York, New Jersey, Delaware, Maryland, Alaska, and Hawaii.

10. Based on information and belief, MEC began using the term MONSTER in conjunction with sales of sodas no earlier than April 16, 2002.

11. MEC is the owner of numerous USPTO registrations related to its Monster Energy brand of drinks, including an M design and a word mark for

MONSTER ENERGY. *See*, USPTO Reg. Nos. 2903214 (M design) and Reg. No. 3057061 (MONSTER ENERGY).

12. MEC packages its energy drinks in a variety of flavors with corresponding packaging, with some of these depicted below ("MEC Trade Dress"):



13. In addition to registrations for its main brands, MEC is the owner of certain trademark registrations and a very large number of trademark applications pending before the USPTO. A search of the USPTO records for the words "Monster Energy Company" reveals no less than 277 applications and registrations, with some "dead," but most still "live" and active. *See*, USPTO records, at Exhibit "B."

1642202

5

14. The price point for a 16 ounce can of VE's energy drinks are designed for sale at $0.99 per can. Based on information and belief, MEC's 16 ounce energy drinks are priced for everyday sale at approximately $2.00 per can.

15. Because of what is perceived as an overly aggressive stance on protecting its trademark rights beyond their actual scope of protection, MEC, and its predecessor, Hansen Beverage Company, have been accused of being a "trademark bully" in the media and in law review articles. *See, e.g.,* Leah Chan Grinvald, *Shaming Trademark Bullies*, 2011 Wis. L. Rev. 625 (using Monster Energy as the example of a trademark bully in the very first paragraph); Sara M. Andrzejewski, *Leave Little Guys Alone!: Protecting Small Businesses from Overly Litigious Corporations and Trademark Infringement Suits*, 19 J. Intell. Prop. L. 117, Fall 2011.

16. In part, MEC's conduct (via its predecessor-in-interest, Hansen Beverage Company, which was perceived as a trademark bully led to Senator Patrick Leahy seeking Congressional funding to study trademark bullying. *See*, Ex. C: Rob Petershack, *Trademark Bullies to be Studied*, WTN News, Oct. 10, 2010; *see also*, Trademark Technical and Conforming Amendment Act of 2012; S. 2968, 111 Cong. (2d sess. 2010) (Pub. L. No. 111-146).

17. On September 5, 2014, counsel for MEC sent a letter by certified and electronic mail to VE's legal counsel, Eric Woodahl. In the letter, MEC claimed

"Victory Energy is using a trade dress that is confusingly similar to Monster's MONSTER Trade Dress to promote and sell energy drinks, shirts, and sports helmets, . . ." Ex. D at 2. The letter from MEC's counsel further demands that VE: (a) cease and desist from further sale of the unauthorized products; (b) "immediately recall and preserve for delivery to Monster any and all materials bearing Victory Energy's above-referenced confusingly similar trade dress" (Ex. D at 4); (c) sign a declaration completely and accurately disclosing VE's sales of all goods bearing VE's above-referenced trade dress; and (d) pay MEC attorneys' fees incurred in connection with this matter.

## CLAIM FOR RELIEF
(Declaration of Non-Infringement of the VE Trade Dress/VE Trademark as compared with MEC Trade Dress, Designations, No False Designation of Origin and No Unfair Competition)

18. VE re-alleges and incorporates herein by reference each and every allegation as set forth above.

19. An actual controversy has arisen and presently exists between VE and MEC with regard to their respective rights related to VE's Trade Dress/trademark rights and MEC's MONSTER ENERGY trade dress/trademark rights.

20. VE believes that there is no legal or factual basis for MEC's claim that the VE Trade Dress (or the VE Trademark) has caused, or is likely to cause, confusion with the MEC Trade Dress or any of MEC's trademarks or designations.

1642202

7

VE also believes that its VE Trade Dress and/or trademark does not infringe or violate any rights MEC may have in the MONSTER designations or violate any federal, state or common law, and that its use of its VE Trade Dress and trademark in any stylization does not constitute unfair competition or violate any federal, state or common law.

21. VE desires a judicial determination of its rights in the VE Trade Dress and the VE Trademark (including, but not limited to, as it is used in the VE Trademark Registration) does not violate any federal, state or common law, as compared with the rights of MEC in MEC's Trade Dress, including its various M and MONSTER designations.

22. A judicial declaration is necessary and appropriate at this time under the circumstances and to resolve fully MEC's allegations that VE's Trade Dress is infringing MEC's Trade Dress rights and MEC's demand for VE to cease and desist for all such sales.

## REQUEST FOR RELIEF

WHEREFORE, VE respectfully requests the Court for the following relief:

A. A declaratory judgment, pursuant to 28 U.S.C. § 2201, establishing that VE's use of the VE Trade Dress and VE Trademark for energy drinks does <u>not</u> infringe upon MEC's Trade Dress, M or MONSTER trademark or designation, or any other M or MONSTER designation to which MEC claims, or may claim,

rights.

      B.    For an award of costs and attorneys' fees to VE.

      C.    For any other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

VE hereby demands a trial by jury of all issues so triable.

DATED this 15th day of September, 2014.

                    /s/ Robert C. Lukes
                    Attorneys for Plaintiff, Victory Energy, LLC